# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS,<br><br>   Plaintiff,<br><br> v.<br><br>CISNEROS, *et al.*,<br><br>   Defendants. | Case No. 1:22-cv-01238-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 11)<br><br>**THIRTY (30) DAY DEADLINE** |

  Plaintiff Cleveland Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On December 29, 2022, the Court screened the complaint and granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 10.)

  Currently before the Court is Plaintiff's request for an extension of time to file an amended complaint, filed January 27, 2023. (ECF No. 11.) Plaintiff requests an additional thirty days to file an amended complaint. Plaintiff states that he is seeking resources necessary to meet the screening requirements and is working diligently to amend the complaint. However, Plaintiff is unable to meet the current deadline because his research is limited in the prison setting. (*Id.*)

  Having considered the request, the Court finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). The Court finds that an extension of thirty days is appropriate under the circumstances.

  Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual

allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Plaintiff is also cautioned against bringing unrelated claims in this matter in contravention of Federal Rule of Civil Procedure 18.  Accordingly, Plaintiff's amended complaint, if any, may not exceed **twenty-five (25) pages**, exclusive of exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file amended complaint, (ECF No. 11), is GRANTED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's December 29, 2022 screening order or file a notice of voluntary dismissal; and
3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **January 31, 2023**          /s/ *Barbara A. McAuliffe*          
                                                    UNITED STATES MAGISTRATE JUDGE

2