# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>CISNEROS, *et al.*, <br><br>　　　　　Defendants. | Case No. 1:22-cv-01238-KES-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE <br><br>(ECF No. 46) <br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　　Background**

Plaintiff Cleveland Evans ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint on First Amendment claims against Defendants O'Donaughy, R. Moua, F. Barraza Hernandez, and L. Ruiz-Montalvo, and on RLUIPA claims against Defendants O'Donaughy and A. Rodriguez.

On January 31, 2025, all Defendants, with the exception of Defendant O'Donaughy, filed a motion to revoke Plaintiff's *in forma pauperis* status on the ground that Plaintiff has been released from custody since initiating this action. (ECF No. 45.) Defendants argued that Plaintiff is currently proceeding *in forma pauperis* under 28 U.S.C. § 1915(b)(1)'s prisoner provision, and now that he is no longer incarcerated, he must file an updated affidavit to proceed IFP as a non-prisoner under the general provisions of 28 U.S.C. § 1915(a)(1) or pay the filing fee. (*Id.*)

The Court stayed briefing on Defendants' motion and directed Plaintiff to file an application to proceed *in forma pauperis* for a non-prisoner within thirty (30) days of service of the order. (ECF No. 46.) Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this action, without prejudice, for failure to prosecute and failure to comply with a court order. (*Id.*) Following Plaintiff's February 12, 2025 notice of change of address, the Court's order was re-served on Plaintiff on February 13, 2025. (ECF No. 47.) Plaintiff's response was therefore due on or before March 18, 2025. The deadline has expired, and Plaintiff has failed to respond to the Court's order or otherwise communicate with the Court.

## II.     Failure to Prosecute and Failure to Obey a Court Order

### A.     Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

///

///

**B.     Discussion**

Here, Plaintiff's application to proceed *in forma pauperis* for a non-prisoner is overdue and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's February 4, 2025 order expressly warned Plaintiff that his failure to comply with the Court's order would result in dismissal of this action. (ECF No. 46.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee, or would be proceeding *in forma pauperis* in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**III.     Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court

order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **April 1, 2025**                    /s/ *Barbara A. McAuliffe*            
                                                               UNITED STATES MAGISTRATE JUDGE