# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CISNEROS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01238-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' AMENDED MOTION TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(ECF No. 40)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Cleveland Evans ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint on First Amendment claims against Defendants D. O'Donaughy, R. Moua, F. Barraza Hernandez, and L. Ruiz-Montalvo and on Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Defendants D. O'Donaughy and A. Rodriguez.

　　　　On March 5, 2024, Defendants O'Donaughy, Moua, Barraza Hernandez, Ruiz-Montalvo, and Rodriguez ("Defendants") filed an amended motion to dismiss portions of Plaintiff's second amended complaint.  (ECF No. 40.)  Plaintiff filed his opposition to the motion to dismiss on March 27, 2024.  (ECF No. 44.)  Defendants did not file a reply brief.  Following resolution of Defendants' subsequent motion to revoke Plaintiff's *in forma pauperis* status, the motion to

1

dismiss is deemed submitted.  (ECF Nos. 45, 51); Local Rule 230(l).

**I.     Relevant Allegations in Second Amended Complaint**

Plaintiff is currently out of custody.  The events in the second amended complaint are alleged to have occurred while Plaintiff was housed at California Substance Abuse and Treatment Facility ("SATF").  Plaintiff names as defendants: (1) Denise O'Donaughy, correctional food manager; (2) A. Rodriguez, supervisor correctional cook; (3) Moua, correctional officer; (4) L. Ruiz, correctional officer; and (5) F. Barraza, correctional officer.  Defendants are being sued in their individual and official capacities.  Plaintiff alleges that each of the Defendants "had knowledge of Plaintiff's dietary requirements."

Plaintiff is a practicing member (Muslim) of the Islamic faith.  An essential element of the Islamic faith relates to the "diet of practicing Muslims."  As dictated in the "Holy Quran," primary religious source, dietary requirements are identified in the context of lawful "Halal" food versus unlawful foods for consumption.  At issue here is Halal food not being provided.  Plaintiff contends he has a First Amendment right to be afforded a religious diet.

Plaintiff holds a sincere belief in the Islamic Faith and adheres to the dietary requirements cited in the Holy Quran (Chapter(s) 2 verse 168, 172, 173; Chapter 5, verse 3, 4, 5.)  Plaintiff has received prior approval per procedural regulation to receive Halal food.  The Defendants have failed to afford Plaintiff such rights.  The failure of the Defendants amount to Plaintiff being denied his First Amendment right in religious freedom.

"Plaintiff contends that over a (9) nine month period while housed in administrative segregation unit (Ad-Seg) Plaintiff was forced to contest with prison officials over being provided (Halal Food) religious diet.  After several informal and formal 'requests for interview(s) and inmate appeals' addressed to the prison food manager, supervisor(s), including some of the Defendants cited herein the Plaintiff has been left with no other remedy to address the failure of providing Plaintiff with a religious diet.  The failure of the Defendants constitute a violation of Plaintiff's First Amendment right (Free Exercise Clause)."  (ECF No. 28, p. 3.)  Plaintiff alleges that on average three days out of each week throughout the nine months, a religious diet was not provided.

Plaintiff alleges that as early as October of 2021, prison officials including Defendant O'Donaughy (food manager) were informed of Plaintiff not being afforded Halal food in several Inmate Requests for Interviews. In addition, Plaintiff had in-person confrontations with Defendants Moua, L. Ruiz, and F. Barraza about not being afforded Halal food. Plaintiff had written notices which included inmate complaints to Defendant O'Donaughy in her role as Food Manger and who was informed or had knowledge of the claims of deprivation in Inmate Requests for Interview and was informative as reasonably possible given Plaintiff's confinement in segregated housing. Defendant Moua informally claimed in one incident to have presented Plaintiff's concerns to Defendant O'Donaughy. There was no remedy provided by any defendant.

Defendant A. Rodriguez was aware of Plaintiff's claims of not being provided Halal food. Defendant Rodriguez knew Plaintiff was not being provided Halal food via communication with several corrections officers, two of which were Defendants Moua and Ruiz. Defendant Rodriguez was tasked with reviewing Plaintiff's claims of deprivation. Defendant Rodriguez took no reasonable steps to address the merits of the claims or remedy the violations, which was within his authority to do so.

Defendant Moua was tasked with distributing food to prisoners, including Plaintiff, housed in Ad-Seg, Section H. Throughout a five-day work week, Defendant Moua "noticed Plaintiff's ongoing complaints" of not receiving Halal food. One day, Halal food would be in the food cart, and the next day or two, there would be no religious diet food. Defendant Moua had expressed his efforts at informing other officials such as Defendant Rodriguez and O'Donaughy. Defendant Moua took to documenting/responding to at least one inmate request for interview addressed to Moua, as a result of the many encounters. One formal response established Plaintiff did not receive a Halal diet and Plaintiff was compelled to accept a non-religious diet.

Defendant L. Ruiz had knowledge of Plaintiff's religious dietary requirements prior to the deprivation, but made little to no tangible effort to resolve the deprivation on several occasions. In communications between Defendant Ruiz and Plaintiff, Ruiz always had baseless excuses as to why or who was to blame for there being no Halal food. In one confrontation, Ruiz said "I am not the food manager, 602 (appeal) the food manager." (ECF No. 28, p. 4.) Defendant Ruiz was

wearing a body camera recording the conversation and the non-Halal food that Plaintiff was being compelled to accept. Defendant Ruiz, like all the rest of the Defendants, perpetuated a culture of indifference in administrative segregation.

Defendant Barraza was tasked with distributing food to Sections G and H. Plaintiff was housed in the last cell in the unit (#199). Prior to being issued any food, Plaintiff asked Defendant Barraza if Plaintiff could open or remove the food tray lids, which is a normal request by Plaintiff for all officials who pass out or distribute food. Once Plaintiff removed the tray lids, Plaintiff immediately saw that the breakfast tray of food was not Halal. Defendant Barraza took the food tray back and said that he would locate a Halal food tray. Soon thereafter Defendant Barraza approached the cell with the same food, stating, "There is no other food trays (no Halal food) and that officials (custody supervisors and the correctional food manager) is aware of the issues." There was no meaningful effort to locate or obtain Halal food tray by Defendant Barraza, and Plaintiff was compelled to accept non-Halal food.

Plaintiff contends he exhausted his administrative remedies as to all Defendants and video evidence will corroborate his claims.

As remedies, Plaintiff seeks declaratory relief, injunctive relief, and nominal, compensatory, and punitive damages.

**II.    Defendants' Motion to Dismiss Portions of Plaintiff's Second Amended Complaint**

**A.    Legal Standards**

1.    <u>Motions to Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

*Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pleaded. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

### 2. Religious Land Use and Institutionalized Persons Act ("RLUIPA")

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest . . . and is the least restrictive means of furthering that . . . interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Hartmann v. Cal. Dep't of Corr. & Rehab*., 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7).

The First Amendment substantial burden requirement also applies to claims under RLUIPA. *See Greene v. Solano Cty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008). As with the First Amendment, under RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 574 U.S. 352, 361 (2015). With RLUIPA,

the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.* at 361–62.

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). The proper defendant for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive relief should one ever be issued. *See id.*

**B.     Parties' Positions**

Defendants contend that Plaintiff's request for injunctive relief should be dismissed because he is no longer housed at SATF. At the time of filing of the amended motion to dismiss, Plaintiff was housed at High Desert State Prison. As a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting in their official capacities, Plaintiff's injunctive relief claims should be dismissed as he has been transferred to another prison that is not the subject of the underlying claim. Plaintiff has alleged no facts indicating he could be transferred back to SATF and does not allege in his second amended complaint that he is being deprived of his Halal meals at his current facility. Therefore, Plaintiff's RLUIPA claims are moot and should be dismissed, and as the only cause of action against Defendant Rodriguez is the RLUIPA claim, Defendant Rodriguez should also be dismissed from this action.

In opposition, Plaintiff argues that the basis of the complaint is established and secured by the First Amendment to the United States Constitution, and Defendants have failed to present any persuasive authority which would warrant dismissal under RLUIPA. Defendants have failed to submit any material claims or evidence that would clearly exclude Plaintiff from being transferred

back to SATF. An injunction is warranted in the likely event that Plaintiff is transferred back to SATF, as Plaintiff is appealing for a transfer back to southern California and has a reasonable expectation to be transferred back to SATF based on the location of the institution and Plaintiff's placement score. Defendants have presented no evidence showing that the conditions or alleged customs do not exist any more in SATF's segregated housing units.

**C.      Analysis**

On January 13, 2025, Plaintiff was paroled and released from state prison. (ECF Nos. 45, 47.) The parties are in agreement as to Plaintiff's status as a non-prisoner, and Plaintiff's current address of record remains an out of custody residential address. (*See* docket, generally.) A search of the CDCR California Incarcerated Records and Information Search ("CIRIS") website for Plaintiff's name also returns no search results.[1] Accordingly, the Court takes judicial notice of the fact of Plaintiff's release during the pendency of the motion to dismiss and reviews Defendants' motion to dismiss in light of Plaintiff's current status as a non-prisoner.

In light of Plaintiff's release from custody, Plaintiff's RLUIPA claims for injunctive relief are moot. *Jones*, 791 F.3d at 1031 (former inmate's RLUIPA claims for injunctive relief moot after his release from custody). Plaintiff has been released from the environment in which he was subjected to the alleged RLUIPA violations, and unlike at the time the motion to dismiss was briefed, there is no evidence in the record that Plaintiff expects to be re-incarcerated such that he might be housed at SATF in the future. Thus, Plaintiff has no reasonable expectation that Defendants could violate Plaintiff's rights in the future such that injunctive relief would be appropriate. *Id.*

**III.    Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. Defendants' amended motion to dismiss portions of Plaintiff's second amended complaint, (ECF No. 40), be granted;

---

[1] The Court may take judicial notice of public information stored on the CDCR California Incarcerated Records and Information Search ("CIRIS") website. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

7

2. Plaintiff's RLUIPA claims against Defendants O'Donaughy and A. Rodriguez be dismissed, without leave to amend, as moot;

3. Defendant A. Rodriguez be dismissed from this action; and

4. This action proceed on Plaintiff's second amended complaint **only** on Plaintiff's First Amendment claims against Defendants D. O'Donaughy, R. Moua, F. Barraza Hernandez, and L. Ruiz-Montalvo.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2025**                          /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE

8